# Order

**Michigan Supreme Court**
**Lansing, Michigan**

November 10, 2011

142965

SANDRA NYLAND and CHARLES NYLAND,
      Plaintiffs-Appellees,

v

KMART,
      Defendant-Appellant,
and

WILSON-64, L.L.C.,
      Defendant.

_____/

Robert P. Young, Jr.,
Chief Justice

Michael F. Cavanagh
Marilyn Kelly
Stephen J. Markman
Diane M. Hathaway
Mary Beth Kelly
Brian K. Zahra,
Justices

SC: 142965
COA: 295464
Muskegon CC: 09-046520-NO

On order of the Court, the application for leave to appeal the March 17, 2011 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the question should be reviewed by this Court prior to the completion of the proceedings ordered by the Court of Appeals.

ZAHRA, J. (*concurring*).

I concur in the order denying defendant's application. I write separately because this case represents a unique scenario in which there exists a genuine issue of material fact in regard to whether an icy condition presents an unreasonable risk of harm that is not open and obvious to casual inspection.

In March of 2007, plaintiff exited defendant's store at about 9:00 a.m. and slipped on a patch of ice that was underneath dirt. There is no dispute that the ice itself was not visible. One of defendant's employees reported that after the accident he found "ice just outside of the door [that] was covered by a layer of dirt." There was also testimony that the dirt had not been intentionally placed over the ice but had accumulated naturally. In addition, the record reflects that it was sunny, had not snowed for several days, and the parking lot and the area around the entrance were otherwise clear of ice and snow. Importantly, these existing weather conditions did not suggest there was a slippery patch of ice outside the store. This is not a case where snow covers a walkway and itself warns

invitees of the potential slipping hazard; there was absolutely nothing about the weather conditions or the dirt patch to warn plaintiff of a potential ice hazard. Accordingly, I agree with the Court of Appeals that there exists a genuine issue of material fact whether, under these circumstances, a reasonably prudent person would foresee the icy condition upon casual inspection and that summary disposition in this case was improper.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

November 10, 2011

_____
Clerk

t1108